14-3799
Greek v. Colvin

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2015

(Submitted: September 2, 2015          Decided: September 21, 2015)

Docket No. 14-3799

_____

KEVIN GREEK,

*Plaintiff-Appellant,*

—v.—

CAROLYN W. COLVIN,

*Defendant-Appellee.*[*]

_____

B e f o r e:

KATZMANN, *Chief Judge*, HALL and LIVINGSTON, *Circuit Judges.*

_____

_____

[*] Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Acting Commissioner of Social Security Carolyn W. Colvin is automatically substituted for former Commissioner Michael J. Astrue as the respondent. The Clerk of the Court is directed to amend the caption to conform to the above.

Appeal from a judgment of the district court (Wolford, *J.*), which granted the defendant's motion for judgment on the pleadings. We hold that the Social Security Administration administrative law judge erred by failing to provide "good reasons" for his decision to give little weight to a treating physician's opinion, 20 C.F.R. § 404.1527(c)(2), and that this error was not harmless. We therefore VACATE the district court's judgment and REMAND to the Commissioner for further proceedings.

_____

Mark M. McDonald, Bond, McDonald & Lehman, P.C., Geneva, New York, *for Plaintiff-Appellant*.

Kristina Cohn, Special Assistant U.S. Attorney, and Stephen P. Conte, Regional Chief Counsel, Region II, Office of the General Counsel, Social Security Administration, *for* William J. Hochul, Jr., U.S. Attorney for the Western District of New York, New York, New York, *for Defendant-Appellee*.

_____

PER CURIAM:

A Social Security Administration ("SSA") administrative law judge ("ALJ") denied Plaintiff-Appellant Kevin Greek's application for Social Security disability benefits. After the SSA's Appeals Council denied review of the ALJ's decision, Greek challenged the agency's determination in the United States District Court for the Western District of New York (Wolford, *J.*), which granted the defendant's motion for judgment on the pleadings. On appeal, Greek argues, *inter alia*, that the ALJ erred in giving little weight to treating physician Dr. Renee Wheeler's

2

medical opinions.[1] We conclude that the ALJ erred by failing to provide "good reasons" for giving little weight to Dr. Wheeler's opinion, 20 C.F.R. § 404.1527(c)(2), and that this error was not harmless. We therefore VACATE the district court's judgment and REMAND to the Commissioner for further proceedings.

## BACKGROUND

Greek suffers from diabetes mellitus, type I, that is inadequately controlled and thus has been labeled "brittle diabetes." Greek was first diagnosed with diabetes in September 1998, and testing in March 1999 confirmed that he was suffering from diabetes mellitus, type I. Secondary effects from this condition can

---

[1] Greek also argues that: (1) the Appeals Council erred in giving little weight to treating physician Dr. Shahana Arshad's medical opinions; (2) the ALJ erred by incorporating only some of consulting physician Dr. George Sirotenko's limitations on the types of work that Greek could do; and (3) the ALJ erred in evaluating Greek's credibility. Because we vacate in full based on the ALJ's error regarding Dr. Wheeler's opinion, we need not reach these other issues. On remand, however, the ALJ should, of course, consider Dr. Arshad's medical opinion because the Appeals Council added that opinion to the record. For example, Dr. Arshad's opinion that Greek's symptoms were "reasonably consistent" with his diagnosis and that Greek would need to take a work break for one and one half to two hours following a wide fluctuation in his blood glucose levels, A.R. 411–12, would appear to affect the ALJ's determination that

3

include memory loss and an altered mental state due to swings in blood glucose levels, and Greek suffered from both.

Dr. Shahana Arshad, who submitted a medical opinion in this case, began treating Greek in February 2007. Dr. Arshad saw Greek a number of times over the subsequent years and noted significant fluctuations in his blood glucose and other related levels. She also noted on several occasions that he had challenges in maintaining his blood glucose level during periods of activity.

Greek initially saw Dr. Wheeler, another physician who provided a medical opinion in this case, in July 2009. After physical and mental examination, Dr. Wheeler diagnosed Greek with brittle diabetes, a term referring to type I diabetes that can be difficult to control, accompanied by frequent episodes of memory loss, forgetfulness, and hypoglycemia.

Greek returned to Dr. Wheeler on August 14, 2009, still complaining of memory problems. He related that he had been fired from his job because of theft, but that he did not remember the incident. Dr. Wheeler also diagnosed Greek

---

Greek's "statements concerning the intensity, persistence[,] and limiting effects of [his] symptoms are not credible," *id.* at 15.

4

with brittle diabetes mellitus with hypoglycemia and stated that Greek was disabled due to frequent hypoglycemia with periods of confusion.

Greek then returned to Dr. Arshad on August 18, 2009. Dr. Arshad commented that Greek's blood glucose control was suboptimal, and further noted that he was having "increasing forgetfulness" and "a few incidents of hypoglycemia." A.R. 288. Dr. Arshad instructed Greek to be on an insulin pump due to multiple episodes of hypoglycemia.

From this point forward, Greek underwent a number of consultative and treatment examinations that suggested that he still suffered from cognitive impairment and increased forgetfulness. He also had unstable blood glucose levels in most of these examinations.

Greek filed an application for Social Security Disability and Supplemental Security Income benefits on August 11, 2009. He alleged that his disability onset date was June 19, 2009. The claim was initially denied on October 22, 2009. Greek then filed a timely request for an administrative hearing.

At the subsequent hearing, Dr. Wheeler offered three opinions to the ALJ on Greek's ability to work. First, in July 2009, she concluded that Greek is

disabled due to brittle diabetes. Next, on August 14, 2009, she concluded that

Greek is disabled due to frequent hypoglycemia with periods of confusion. Then,

on August 19, 2010, she offered a more detailed opinion. With respect to Greek's

ability to perform physical activities, she wrote that he is "100% disabled due to

memory loss[,] intermittent confusion[, and] diabetes." A.R. 377. She marked on

the form, "N/A," for all areas requesting physical limitations. *Id.* On the second

page of the form, the doctor wrote that Greek "[i]s 100% disabled due to brittle

diabetes[,] memory loss[, and] periods of confusion." *Id.* at 378. She determined

that Greek would have good and bad days and would likely be absent from work

more than four days per month as a result of the impairments or his treatment. *Id.*

She felt that the limitations had been "reasonably consistent and continuing"

since June 19, 2009. *Id.* at 379.

Also relevant to this appeal, a vocational expert, Victor Alberigi, also

testified at the ALJ's hearing. According to Alberigi, Greek had past relevant

work experience in hardware sales and as a manager for automotive parts,

Dictionary of Occupational Titles ("DOT") Nos. 274.357-034, 185.167-038. The ALJ

asked Alberigi to consider a hypothetical with an individual of the same age,

6

education, and work experience as Greek with the following residual functional capacity: limited to medium exertional level as defined in the DOT and limited to "simple, routine[,] repetitive tasks." A.R. at 118. Alberigi testified that such an individual could not perform any of the past work. In Alberigi's opinion, such an individual could, however, perform the jobs of janitor, light cleaner, charge account clerk, and dishwasher. The ALJ then posed a second hypothetical, asking Alberigi to assume the person to be off task for at least two hours per day outside of normal lunch breaks or regular breaks. According to Alberigi, this limitation would eliminate all competitive jobs in the national economy. Furthermore, when asked by counsel to assume that the claimant were to miss four or more days per month, Alberigi again answered that this restriction would eliminate all work. Then, asked to assume that a claimant would be off task for up to two hours at unpredictable times occurring eleven times within a two-week period, Alberigi again concluded that such a person would not be able to retain a full-time position or even a part-time position.

In his decision dated October 8, 2010, the ALJ applied the standard five-step sequential evaluation for determining whether a claimant is disabled.[2] The ALJ concluded at the fifth step that Greek was not disabled because he could perform work existing in sufficient numbers in the national economy. The ALJ also found that Greek "has the residual functional capacity to perform medium

[2] The Commissioner has established a five-step sequential evaluation for adjudication of disability claims, set forth at 20 C.F.R. § 404.1520. First, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. *Id.* § 404.1520(b). If so, the claimant is not disabled. Second, if the claimant is not working, the Commissioner must determine whether the claimant has a "severe" impairment, *i.e.*, an impairment that limits his ability to do physical or mental work-related activities. *Id.* §§ 404.1520(c), 404.1521. If not, the claimant is not disabled. Third, if there is a severe impairment, the Commissioner determines if the impairment meets or equals the criteria of a *per se* disabling impairment contained in Appendix 1 to 20 C.F.R. Part 404, Subpart P (Listings of Impairment). 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the claimant's impairment does not meet or equal a listed impairment, before proceeding to step four, the Commissioner determines, based on all the relevant medical and other evidence of record, the claimant's "residual functional capacity," which is what the claimant can still do despite the limitations imposed by his impairment. *Id.* §§ 404.1520(a)(4), (e), 404.1545(a). Fourth, the Commissioner considers whether the claimant's residual functional capacity permits him to return to his past relevant work. *Id.* §§ 404.1520(e), (f), 404.1560(b). If so, the claimant is not disabled. Fifth, if the claimant cannot return to his past work, the Commissioner considers, based on the claimant's residual functional capacity and vocational factors, whether the claimant can do other work existing in significant numbers in the national economy. *Id.* §§ 404.1520(g), 404.1560(b). If so, the claimant is not disabled.

work as defined in [20 C.F.R. § 404.1567(c)]," but that he "is limited to simple, routine, and repetitive tasks." A.R. 14. In reaching his decision as to Greek's residual functional capacity, the ALJ determined that Dr. Wheeler's opinion was entitled to "little weight" for two reasons: (1) that Dr. Wheeler "does not explain how the claimant's memory loss and intermittent confusion would prohibit the claimant from performing any type of postural activity (balancing, stooping, etc.)," and (2) that Greek's testimony that he could perform certain daily activities contradicted Dr. Wheeler's supposed conclusion that Greek suffered from postural problems. *Id.* at 16. The ALJ's conclusions appeared to emerge from a misreading of Dr. Wheeler's questionnaire on residual functional capacity: Though Dr. Wheeler wrote "N/A," or not applicable, next to all relevant physical activities on the questionnaire, *id.* at 377, the ALJ noted in his decision that Dr. Wheeler "concludes that the claimant can never perform any postural activities," *id.* at 16.

After the ALJ issued his decision, Greek timely filed a request for review to the Appeals Council, which concluded, on July 17, 2012, that there was no basis for granting review and that the ALJ's decision stood as the Commissioner's final

decision. On August 23, 2012, Greek filed an action in the Western District of New York, seeking review of the Commissioner's final decision. The district court granted the Commissioner's motion for judgment on the pleadings and dismissed Greek's complaint in a judgment entered on August 15, 2014. Greek timely appealed.

## DISCUSSION

On appeal, Greek primarily argues that the ALJ failed to provide adequate reasons for giving little weight to the opinion of treating physician Dr. Wheeler.

The claimant bears the ultimate burden of proving that he was disabled throughout the period for which benefits are sought. *See* 20 C.F.R. § 404.1512(a). Here, Greek was required to demonstrate that he was unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The ultimate determination of whether a person has a disability within the meaning of the Act belongs to the Commissioner. *See Snell v. Apfel*, 177 F.3d 128, 133–34 (2d Cir. 1999); 20 C.F.R. § 404.1527(d)(1). We may set aside the

Commissioner's decision only if it is based upon legal error or if the factual findings are not supported by substantial evidence in the record as a whole. *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008); 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Additionally, we may not "affirm an administrative action on grounds different from those considered by the [A]gency." *Burgess*, 537 F.3d at 128 (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)).

Here, Greek argues that the SSA erred by failing to provide adequate reasons for giving little weight to the medical opinion of his treating physician, Dr. Renee Wheeler. The SSA recognizes a rule of deference to the medical views of a physician who is engaged in the primary treatment of a claimant. Thus, "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Id.* at 128

11

(quoting 20 C.F.R. § 404.1527(c)(2)). There are, of course, circumstances when it is appropriate for an ALJ not to give controlling weight to a treating physician's opinion. *See, e.g., Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam) (holding that "the opinion of the treating physician is not afforded controlling weight where, as here, the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts"). Nevertheless, even when a treating physician's opinion is not given controlling weight, SSA regulations require the ALJ to consider several factors in determining how much weight the opinion should receive. *See* 20 C.F.R. § 404.1527(c)(2)(i), (2)(ii), (3)–(6). "[T]o override the opinion of the treating physician, we have held that the ALJ must explicitly consider, *inter alia*: (1) the frequen[c]y, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and, (4) whether the physician is a specialist." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013) (per curiam). "After considering the above factors, the ALJ must 'comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion.'" *Burgess*, 537 F.3d at 129

(alteration in original) (quoting *Halloran*, 362 F.3d at 33). The failure to provide "'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." *Id.* at 129–30 (quoting *Snell*, 177 F.3d at 133). The ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion. *Id.* at 131.

Dr. Wheeler provided the ALJ with an opinion that Greek was 100% disabled due to memory loss, intermittent confusion, and diabetes and would likely be absent from work more than four days per month as a result of his impairments or treatment. The ALJ rejected these opinions, writing that Dr. Wheeler "does not explain how the claimant's memory loss and intermittent confusion would prohibit the claimant from performing any type of postural activity (balancing, stooping, etc.)." A.R. 16. The ALJ also found that Greek's testimony that he could perform certain daily activities contradicted any conclusion of Dr. Wheeler's that Greek suffered from postural ailments.

Both parties agree, however, that the ALJ's explanation for rejecting Dr. Wheeler's opinion was factually flawed. Dr. Wheeler did not actually determine that Greek was unable to perform any postural activity. Instead, Dr. Wheeler

13

appears to have simply indicated that Greek's ability to perform certain postural activities was not relevant to her conclusion because that conclusion rested on a different set of problems that made it hard for Greek to work—his memory loss, intermittent confusion, and diabetes.

Additionally, the ALJ failed to follow any other steps in the process outlined in 20 C.F.R. § 404.1527(c). The ALJ did not provide any other explanation for why Dr. Wheeler's opinion was not "well-supported by medically acceptable . . . techniques" or "inconsistent with the other substantial evidence," 20 C.F.R. § 404.1527(c)(2), nor did he explicitly consider any of the factors for determining the weight given to a non-controlling opinion, *see id.* § 404.1527(c)(2)(i), (2)(ii), (3)–(6). Because the ALJ rested his rejection of Dr. Wheeler's opinion on flawed reasoning and failed to provide any other reasons for rejecting the opinion, the ALJ erred.

Despite this error, the district court granted the defendant's motion for judgment on the pleadings, concluding that any error was harmless. The district court first decided, correctly, that Dr. Wheeler's conclusion of disability was itself not entitled to any weight because only the Commissioner can make the final

determination of disability under the Social Security Act. *See* 20 C.F.R.

§ 404.1527(d)(1). But the district court also concluded, erroneously, that no

additional information in Dr. Wheeler's report would have affected the outcome

of the ALJ's decision because the ALJ identified similar information from other

parts of the record elsewhere in his decision.

In reaching its conclusion about harmlessness, the district court relied on

our decision in *Zabala v. Astrue*, 595 F.3d 402 (2d Cir. 2010). In *Zabala*, the ALJ

erred when he rejected a treating physician's medical opinion as incomplete and

unsigned, even though the report was in fact complete and signed. *Id.* at 409. On

appeal, this Court found that the error was not prejudicial because "the excluded

evidence is essentially duplicative of evidence considered by the ALJ"—namely,

an earlier "largely identical" report "by the same doctor" from a more relevant

time period that "the ALJ did consider." *Id.*

The district court's reliance on *Zabala* was misplaced. In *Zabala*, the ALJ

failed to consider a second, virtually identical opinion by the same treating

physician. Here, by contrast, the only other evidence that the ALJ might have

considered and rejected was testimony from non-treating physicians and lay

15

witnesses about the nature of Greek's condition. Consideration of such lay testimony is not a substitute for proper consideration of a treating physician's medical opinion. After all, SSA regulations provide a very specific process for evaluating a treating physician's opinion and instruct ALJs to give such opinions "controlling weight" in all but a limited range of circumstances. *See* 20 C.F.R. § 404.1527(c)(2); *see also Burgess*, 537 F.3d at 128. Because a vocational expert in this case testified that Greek could perform no jobs available in large numbers in the national economy if he had to miss four or more days of work per month, *see* A.R. 120, the ALJ's failure to provide adequate reasons for rejecting Dr. Wheeler's opinion was not harmless.

## CONCLUSION

For the reasons stated herein, we **VACATE** the district court's judgment and **REMAND** to the Commissioner for further proceedings.