16-3117-cv
Wright v. Berryhill

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand seventeen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*.

_____

Banjalee Wright,

> *Plaintiff-Appellant*,

> v.                                          No. 16-3117-cv

Nancy A. Berryhill, Acting Commissioner of Social Security,[1]

> *Defendant-Appellee.*

_____

FOR APPELLANT:        MARK SCHNEIDER, Plattsburgh, NY.

FOR APPELLEE:         CATHARINE ZURBRUGG, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel, Office of the General Counsel, Social Security Administration, *of counsel*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, New York, NY.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Commissioner Nancy A. Berryhill is automatically substituted for former Commissioner Carolyn Colvin as Defendant.

Appeal from a judgment of the United States District Court for the Northern District of New York (Peebles, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Banjalee Wright appeals from the district court's decision granting the Government's motion for judgment on pleadings, affirming the Commissioner's decision denying him social security disability benefits, and dismissing his complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We may set aside the Commissioner's decision only if it is based upon legal error or if the factual findings are not supported by substantial evidence in the record as a whole. Substantial evidence is more than a mere scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Greek v. Colvin*, 802 F.3d 370, 374-75 (2d Cir. 2015) (internal quotation marks and citations omitted). The substantial evidence standard is "a very deferential standard of review—even more so than the 'clearly erroneous' standard. The substantial evidence standard means once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal citations omitted, emphasis in original).

### I. Weighing of Medical Opinion Evidence

The Plaintiff claims that the SSA's treating physician rule of deference required the ALJ to give controlling weight to the opinion of the Plaintiff's treating physician, Dr. Arguelles, with respect to the severity of the Plaintiff's condition. This argument mischaracterizes how the ALJ weighed Dr. Arguelles's opinions. The ALJ gave "great weight" to Dr. Arguelles's opinion that

the Plaintiff "was unable to perform strenuous activity or return to performing heavy labor," Spec. App'x 15, and the ALJ's RFC determination (light work with some restrictions) incorporated these limitations. Dr. Arguelles did state that he believed the Plaintiff had "fairly severe lumbar spondylosis," which "could be expected to produce significant back pain and intolerance of heavy labor," and thus Arguelles believed "it would be potentially in [the Plaintiff's] best interest to consider seeking long-term disability." R. 313-14. In terms of the Plaintiff's ability, this statement is consistent with the opinion to which the ALJ accorded great weight—that the Plaintiff has a condition that keeps him from performing strenuous activity or heavy labor. As to the statement that the Plaintiff should consider applying for "disability," the legal determination of whether an individual is eligible to receive disability insurance benefits is reserved to the Commissioner. *See Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("[S]ome kinds of findings—including the ultimate finding of whether a claimant is disabled and cannot work—are reserved to the Commissioner.")

Similarly, it was not reversible error for the ALJ also to give great weight to Dr. Wassef's opinion. Dr. Wassef personally examined the Plaintiff and reached conclusions consistent with the objective medical evidence. Given these circumstances, the facts that Dr. Wassef's specialty is pediatrics and that his review did not include the Plaintiff's MRI results do not preclude the ALJ from assigning Dr. Wassef's opinion significant weight, especially in light of the other evidence in the record.

The ALJ adequately explained the reasons for his weighing of the all of the medical opinions submitted, including those of Drs. Arguelles, Wassef, Wolczynski, Melcher, and Ferrin. Accordingly, we see no reversible error. *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("It is for the SSA, and not this court, to weigh the conflicting evidence in the record.").

3

## II. Residual Functional Capacity Determination

The ALJ's assessment of the Plaintiff's residual functional capacity to perform light work with certain restrictions was supported by substantial evidence. In particular, the Plaintiff's treating physician, Dr. Arguelles, found that the Plaintiff had only moderate lumbar tenderness to deep palpation with no palpable spasm and no obvious deformity, normal gait and station, normal strength in his extremities, intact sensation to light touch, and normal and symmetric deep tendon reflexes. And Dr. Wassef found that the Plaintiff had normal gait and stance, full range of motion of the cervical spine, full range of motion and full and equal strength in his arms and legs, no evident muscle atrophy, intact manual dexterity, and full and equal grip strength.

With respect to the Plaintiff's mental capacity, Dr. Melcher found that the Plaintiff had intact attention and concentration, intact recent and remote memory skills, average cognitive functioning, and fair insight and judgment, and that, though he had had mild to moderate limitations learning new tasks, performing complex tasks independently, relating adequately with others, and appropriately dealing with stress, he was nonetheless able to follow and understand simple directions and instructions, perform simple tasks independently, maintain attention and concentration, make appropriate decisions, and maintain a regular schedule.

On this evidence, we cannot conclude that "a reasonable factfinder would *have to conclude*" that the Plaintiff lacked the ability to perform light work with the limitations articulated by the ALJ. *Brault*, 683 F.3d at 448 (emphasis in original).

We are satisfied, furthermore, that the ALJ properly considered the combined effect of the Plaintiff's impairments in determining that the Plaintiff had the residual functional capacity to perform a range of light work. The ALJ specifically stated that he had considered "the entire record" and "all symptoms" in reaching his determination. Spec. App'x 11-12. We have

4

reviewed the ALJ's decision and find no indication that the ALJ's analysis was improperly fragmentized.

### III. Medical-Vocational Rule 201.14

Because the ALJ's determination of the Plaintiff's residual functional capacity to perform light work subject to some restrictions was supported by substantial evidence, we need not address the Plaintiff's contention that he would be disabled under Medical-Vocational Rule 201.14 if he were limited to a functional capacity for sedentary work.

### IV. Plaintiff's Credibility

The ALJ adequately explained the reasons for his finding that the Plaintiff had diminished credibility. These included the range of activities in which the Plaintiff had engaged, the conservative course of the Plaintiff's treatment in light of his allegations of total disability, the Plaintiff's employment in physical labor in close temporal proximity to the dates of claimed disability, and the Plaintiff's representation of readiness and ability to work in connection with his receipt of unemployment benefits. These reasons were supported by substantial evidence, and it was not legally erroneous for the ALJ to consider them as part of his credibility determination. Given the sharply limited scope of our review, we see no basis for disturbing the ALJ's credibility determination.

We identify no legal error in the ALJ's decision, and we are satisfied that the ALJ's decision was supported by substantial evidence. We have considered all of the Plaintiff's remaining arguments to the contrary and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5