16-1346
*Gavazzi v. Berryhill*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 19th day of April, two thousand seventeen.

Present:
        ROBERT A. KATZMANN,
           *Chief Judge*,
        DENNIS JACOBS,
        PIERRE N. LEVAL,
           *Circuit Judges*.

---

MATTHEW GAVAZZI,

       *Plaintiff-Appellant*,

          v.                    No. 16-1346

NANCY A. BERRYHILL, ACTING COMMISSIONER
OF SOCIAL SECURITY,[*]

       *Defendant-Appellee*.

---

---

[*] The Clerk of Court is directed to amend the caption to conform to the caption displayed above.

1

For Plaintiff-Appellant:                              Peter A. Gorton, Lachman & Gorton, Endicott, NY.

For Defendant-Appellee:                        Lauren E. Myers, Special Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY; Stephen P. Conte, Regional Chief Counsel, Office of the General Counsel, Social Security Administration, New York, NY.

Appeal from the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** with instructions to remand the matter to the Commissioner of Social Security for reconsideration in light of this order.

Plaintiff-appellant Matthew Gavazzi appeals from the order and judgment entered by the United States District Court for the Northern District of New York (Scullin, *J.*) on March 31, 2016, upholding the decision of the Commissioner of Social Security (the "Commissioner") to deny Gavazzi's application for benefits. We assume the parties' familiarity with the facts and procedural history of the case. "In reviewing a district court's decision upholding a decision of the Commissioner, we 'review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard.'" *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (quoting *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002)).

2

Gavazzi argues that the Administrative Law Judge ("ALJ") erred in discounting parts of the opinions of his treating physician, Dr. Brian Wood.[1] Specifically, the ALJ assigned minimal or no weight to the parts of Dr. Wood's opinions stating (1) that Gavazzi "may" need frequent position changes and needed to change positions from sitting to standing every 15 minutes; and (2) that Gavazzi would miss a substantial amount of work if he attempted sedentary work on a sustained basis. In addition, the ALJ did not directly address the part of Dr. Wood's March 2013 opinion in which Dr. Wood indicated that Gavazzi would need to rest for more than ten minutes per hour. Further, the ALJ found unsupported Gavazzi's "report of concentration problems," S. App. 30, although Dr. Wood had opined that Gavazzi would experience "moderate" difficulties in concentration and ability to sustain his work pace. The ALJ, in assigning little or no weight to these parts of Dr. Wood's opinions, did not cite any contrary medical opinion, but rather stated, for example, that "there is no clinical evidence to support the need to change positions frequently" and that the relevant parts of Dr. Wood's opinions were not supported by the physician's treatment notes. S. App. 30-31.

"[T]he opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (per curiam) (second alteration in original) (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)); *see*

---

[1] Another physician who examined Gavazzi, Dr. Martin Masarech, provided a medical opinion that was not assigned significant weight by the ALJ. The ALJ appears not to have treated Dr. Masarech as a treating physician. For the purposes of this order, we assume *arguendo*, without deciding, that Dr. Masarech was properly treated as a non-treating source and that the ALJ permissibly assigned little weight to Dr. Masarech's opinion.

20 C.F.R. § 404.1527(c)(2). "In analyzing a treating physician's report, 'the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion.'" *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (quoting *McBrayer v. Sec'y of Health & Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983)). "[A] circumstantial critique by non-physicians, however thorough or responsible, must be overwhelmingly compelling in order to overcome a medical opinion." *Burgess*, 537 F.3d at 129 (alteration in original) (quoting *Shaw v. Chater*, 221 F.3d 126, 135 (2d Cir. 2000)). Here, the ALJ, on the basis of the record before him, was not entitled to assign minimal or no weight to the parts of Dr. Wood's opinions mentioned above. Without input from additional medical practitioners, "[n]either a reviewing judge nor the Commissioner," *Burgess*, 537 F.3d at 131, could conclude that Dr. Wood's treatment notes, or any other part of the record, contained information that justified the decision to discount these parts of Dr. Wood's opinions.

Therefore, we direct the district court to remand to the ALJ for reconsideration of Gavazzi's residual functional capacity and, in particular, the weight to be assigned to Dr. Wood's opinions on the topics of (1) Gavazzi's need to alternate between sitting and standing positions; (2) Gavazzi's need to rest; (3) Gavazzi's potential absenteeism; and (4) Gavazzi's ability to concentrate and maintain work pace. Although the record as it stands does not support a decision to assign minimal or no weight to the opinions of Dr. Wood on these topics, the ALJ may further develop the record by, for example, arranging for the input of another examining physician.

Additionally, a Social Security ruling provides that

> An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. Where this need cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded. . . . The [residual functional capacity] assessment must be specific as to the frequency of the individual's need to alternate sitting and standing.

4

*Titles II & XVI: Determining Capability to Do Other Work-Implications of A Residual Functional Capacity for Less Than A Full Range of Sedentary Work*, SSR 96-9P, 1996 WL 374185, at \*6-7 (July 2, 1996). Thus, we direct the district court to instruct the ALJ on remand to "be specific as to the frequency of [Gavazzi's] need to alternate sitting and standing," *id.*, and to consider the consequences of this frequency for the range of work that Gavazzi can perform.

Gavazzi also argues that the ALJ erred in not consulting with a vocational expert. Because we remand for further consideration of Gavazzi's residual functional capacity, we need not address this argument now. However, should the ALJ on remand determine that Gavazzi's need to alternate between sitting and standing limits the range of sedentary work that Gavazzi can perform, we note that the Social Security ruling advises that "[i]t may be especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work." SSR 96-9P, 1996 WL 374185, at \*7.

We have considered all of the parties' remaining arguments and find in them no basis for altering our decision. Accordingly, the judgment of the district court is **VACATED** and the case is **REMANDED** with instructions to remand the matter to the Commissioner of Social Security for reconsideration in light of this order. Specifically, the ALJ is to reconsider the issue of whether Gavazzi has the residual functional capacity to perform the full range of sedentary work and, if not, whether he could make an adjustment to other work. In addressing this issue, the ALJ is to reconsider how much weight to give the opinions of Gavazzi's treating physician Dr. Wood on (1) Gavazzi's need to alternate between sitting and standing; (2) Gavazzi's need to rest; (3) Gavazzi's potential absenteeism; and (4) Gavazzi's ability to concentrate and maintain work pace. While the current record does not support a finding that these parts of Dr. Wood's opinions

5

are entitled to little or no weight, the ALJ may further develop the record, including by arranging for the input of another examining physician.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, CLERK