*Trepanier v. Comm'r of Social Security Admin.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand eighteen.

PRESENT:

> JON O. NEWMAN,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> RICHARD J. SULLIVAN,
> > *District Judge.**

_____

BRETT ROBERT TREPANIER, SR.,

> *Plaintiff-Appellant*,

> v.                                                No. 17-3684-cv

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

> *Defendant-Appellee*.

_____

FOR APPELLANT:                          RICHARD B. GRABOW, Mester, Grabow &
                                        Miller, LLC, Hartford, CT.

_____

* Judge Richard J. Sullivan, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE:                                         KRISTINA D. COHN, Special Assistant
                                                      United States Attorney (Stephen P. Conte,
                                                      Special Assistant United States Attorney,
                                                      *on the brief*) *for* John H. Durham, United
                                                      States Attorney for the District of
                                                      Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 11, 2017, is **AFFIRMED**.

Trepanier appeals from the District Court's judgment entered on September 11, 2017, affirming the November 2, 2015 decision of the Commissioner of Social Security that Trepanier was capable of performing "medium work" and thus not disabled or entitled to benefits under the Social Security Act (the "Act"), *see* 42 U.S.C. § 423(d). *Trepanier v. Comm'r of Social Security Administration*, 2017 WL 6631553, at *9 (D. Conn. Sept. 8, 2017).

Trepanier is a former park maintenance worker for the Town of Cromwell, Connecticut. He was 51 years old when he filed his application for Social Security disability benefits in 2013. He has not worked since June 15, 2011, when he lost his job for conduct unrelated to his alleged disability. On April 22, 2013, Trepanier filed an application for benefits alleging disability as of June 15, 2011, citing severe chronic knee and back pain, osteoarthritis, and other ailments. In the years before he sought disability benefits, Trepanier had undergone full replacement of both knees (one in April 2005 and another in October 2010), received two epidural steroid injections for his persistent lower-back discomfort, and had long followed a prescribed daily regimen of OxyContin and Oxycodone to manage his osteoarthritic pain. He asserts that, even had his employment not been terminated in 2011, his knee and back pain would have prevented him from continuing to work.

On November 2, 2015, an Administrative Law Judge ("ALJ") denied Trepanier's application, finding, at step four of the sequential inquiry, *see* 20 C.F.R. § 404.1520(a)(4)(iv), that Trepanier was capable of performing "medium work." App'x 9. The Social Security

Administration Appeals Council denied review of the ALJ's decision. Trepanier then challenged the agency's determination in the United States District Court for the District of Connecticut; the District Court affirmed the Commissioner's ruling (Bryant, *J.*). *Trepanier*, 2017 WL 6631553, at *11.

Trepanier now appeals. On review of the district court's decision in a social security matter, we examine the administrative record *de novo* "to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Zabala v. Astrue,* 595 F.3d 402, 408 (2d Cir. 2010) (internal quotation marks omitted). Substantial evidence "means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue,* 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted).

On *de novo* review, we conclude that the ALJ's determination that Trepanier could perform medium work was supported by substantial evidence. We therefore affirm the District Court's judgment. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

I.

We first address Trepanier's contention that the ALJ improperly gave no weight to a statement by his treating physician, Dr. Keith Sinusas, that Trepanier was "disabled from his OA [osteoarthritis]." R 628.

Under the treating physician rule, the ALJ must generally defer to well-supported medical opinions of a claimant's treating physician. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). This rule does not apply, however, to administrative findings, which are "reserved to the Commissioner." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (internal quotation marks omitted); *see also* 20 C.F.R. § 404.1527(d). As section 404.1527(d)(1) of the regulations provides, "[o]pinions on some issues . . . are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings

3

that are dispositive of a case." The regulation explains that the Commissioner is responsible for making a determination about whether a claimant "meet[s] the statutory definition of disability." 20 C.F.R. § 404.1527(d)(1). *See* Social Security Ruling 96-5p, 61 Fed. Reg. 34471 (July 2, 1996) ("[S]ome issues are not medical issues regarding the nature and severity of an individual's impairment(s) but are administrative findings that are dispositive of a case. The following are examples of such issues: . . . Whether an individual is 'disabled' under the Act."). A bald statement that a claimant is "disabled" represents an administrative finding, not a medical opinion.

Here, Dr. Sinusas merely noted in the history portion of a medical report dated September 24, 2013, that Trepanier "is trying to get disability for his OA and spinal stenosis" and elsewhere in the report described Trepanier as "disabled from his OA." R 628. His statement was not accompanied by clinical findings designed to support his conclusory description; rather, his use of the term seems to us incidental to his review of numerous medical issues of varying severity. Because "[t]he ultimate determination of whether a person has a disability within the meaning of the Act belongs to the Commissioner," the ALJ reasonably and lawfully accorded no weight to Dr. Sinusas's unelaborated assertion. *Greek v. Colvin*, 802 F.3d 370, 374 (2d Cir. 2015).

II.

Trepanier next argues that the ALJ's determination that he could perform medium work is not supported by substantial evidence and therefore must be vacated. We disagree.

The ALJ determined that, subject to certain limitations, Trepanier had the "residual functional capacity" to perform "medium work," and therefore that he was not disabled for the purposes of the Act. 20 C.F.R. § 404.1567(c) (defining "medium work").[1] In reaching this conclusion, the ALJ largely relied on the report of a consultative examiner, Dr. Herbert Reiher, who found in July 2013, based in part on Trepanier's own representations, that

---

[1] The ALJ concluded that Trepanier had the residual functional capacity to perform medium work except that he could only occasionally bend, twist, squat, crawl, balance, kneel, and climb ramps and stairs. He further found that Trepanier could never climb ladders, ropes, or scaffolds.

4

Trepanier could "lift and carry 30 pounds frequently." R 625, 627. Trepanier does not contest that conclusion. Rather, he contends that, because no medical source expressly opined that he could *also* lift up to 50 pounds, the record does not adequately support the ALJ's conclusion that he could perform medium work.

Under Social Security regulations, "medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). The regulations establish ranges of physical exertion (sedentary, light, medium, heavy, and very heavy) that are bounded by a lower weight the claimant must be able to lift and carry frequently and a maximum weight the claimant must be able to lift at least occasionally.[2] For purposes of medium work, a claimant must be able to "frequent[ly] lift[] or carry[] objects weighing up to 25 pounds" and lift "no more than 50 pounds." *Id.* The Commissioner suggests that the ability to lift and carry 30 pounds frequently, which Trepanier represented he could do and Dr. Reiher endorsed, is "commensurate with" medium work. Appellee's Br. 40. This proposed reading of the regulation, however, eliminates the 50-pound lifting requirement altogether. We understand the applicable regulations to require a conclusion that an individual also be capable of lifting a certain weight on occasion as part of his job. Certainly an employer would be entitled to rely on this aspect of the definition as well as the "frequent lifting or carrying" component.

Nevertheless, we conclude that substantial evidence in the record supports a finding that Trepanier was capable of performing "medium work." To begin, Dr. Reiher's conclusion, based on Trepanier's own statement, that Trepanier could lift and carry 30 pounds "frequently" fully comports with the frequent lifting and carrying requirement of "medium work." R 627. This is an important finding because "[b]eing able to do frequent lifting or carrying of objects weighing up to 25 pounds is often more critical than being able

---

[2] The complete regulatory definition of "medium work" is as follows: "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

to lift up to 50 pounds at a time" for medium work. Social Security Ruling 83-10, 1983 WL 31251, at *6.

The record also suggests strongly that as of 2011 Trepanier was capable of lifting up to 50 pounds on occasion. Dr. Bruce Moeckel, Trepanier's treating orthopedist, cleared Trepanier to return to work in March 2011, after surgery on his knee, and just a few months before Trepanier's termination and asserted onset date. After Trepanier returned to work, Dr. Moeckel provided Trepanier with medication to ease his lower back pain, but did not recommend that Trepanier stop working, and Trepanier related that the medication provided relief. The vocational expert testified at a hearing before the ALJ, and the ALJ accepted, that Trepanier's past job as a park maintenance worker is classified as medium work in the Dictionary of Occupational Titles. R 49; *see also* 20 C.F.R. § 404.1567 (noting that the terms sedentary, light, medium, heavy, and very heavy "have the same meaning as they have in the Dictionary of Occupational Titles"). Dr. Moeckel made no express finding with respect to Trepanier's capacity to lift 50 pounds, it is true, but we think it reasonably can be inferred from Dr. Moeckel's permission to return to Trepanier's medium work, together with Dr. Reiher's later findings, that in 2011 Trepanier's osteoarthritis would not have prevented him from occasionally lifting up to 50 pounds as his work had long required him to do.

This is not to suggest, however, that Trepanier had the residual functional capacity in 2011 to return fully to his past work. The ALJ accepted that he could not, and we may not "affirm an administrative action on grounds different from those considered by the agency." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). Rather, the ALJ found that Trepanier could not return to his old work because of limitations *unrelated to* Trepanier's ability to lift. Instead, Trepanier's ability to only occasionally bend, twist, squat, crawl, climb, kneel, and balance rendered him unable to perform his past relevant work. *See* R 52; App'x 15. Thus, while Dr. Moeckel's treatment notes do not establish that Trepanier was able to return to his past employment in every respect, Dr. Moeckel's assessment provides substantial evidence supporting the ALJ's determination that Trepanier's medical problems did not prevent him from performing the lifting requirements of his past medium exertional job.

Trepanier's multiple surgeries and steroid injections over many years reflect that he has experienced pain in his knees and back. Even where the ALJ's determination does not perfectly correspond with any of the opinions of medical sources cited in his decision, however, the ALJ was entitled to weigh all of the evidence available to make a residual functional capacity finding that was consistent with the record as a whole. *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("It is for the SSA, and not this court, to weigh the conflicting evidence in the record.").

We therefore conclude that substantial evidence in the record supports the ALJ's determination that Trepanier could perform medium work, as defined in 20 C.F.R. § 404.1567(c), as of his alleged onset date.

* * *

We have considered Trepanier's remaining arguments and find them to be without merit. For these reasons, we AFFIRM the District Court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court