18-1790-cv
Suttles v. Berryhill

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand nineteen.

PRESENT:  AMALYA L. KEARSE
             DENNIS JACOBS,
             PETER W. HALL,
                     Circuit Judges.

- - - - - - - - - - - - - - - - - - -X
DOREEN SUTTLES,
       Plaintiff-Appellant,

      -v.-                                   18-1790

NANCY A. BERRYHILL, COMMISSIONER OF
SOCIAL SECURITY,
       Defendant-Appellee.
- - - - - - - - - - - - - - - - - - -X

FOR PLAINTIFF-APPELLANT:     Mark Schneider, Schneider & Palcsik, Plattsburgh, NY.

FOR DEFENDANT-APPELLEE:     Peter W. Jewett, Special Assistant United States Attorney (Grant C. Jaquith, United States Attorney, Northern District of New York, Stephen P. Conte, Regional Chief Counsel Region II, Office of the General Counsel, Social Security Administration, on the brief), New York, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Doreen Suttles appeals from the judgment of the United States District Court for the Northern District of New York (Suddaby, C.J.), affirming the Social Security Administration's denial of her application for supplemental security income.   We review the administrative record de novo, and will uphold the decision if it is supported by substantial evidence and the correct legal standards were applied.   Zabala v. Astrue, 595 F.3d 402, 408 (2d Cir. 2010); Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012).   Suttles raises five issues on appeal. We assume the parties' familiarity with the underlying facts and procedural history.

**1.** Suttles argues that the ALJ gave insufficient weight to certain findings and opinions of Dr. Kabeli, Nurse Practitioner Hausrath, and Dr. Liotta, all of whom treated her.   Medical opinions are evaluated based on (1) the frequency, length, nature, and extent of treatment; (2) the evidence in support of the opinion; (3) the consistency of the opinion with the record; (4) the specialty of the physician; and (5) any other factors which may support or contradict the opinion.

2

Greek v. Colvin, 802 F.3d 370, 375 (2d Cir. 2015); 20 C.F.R. §§ 404.1527(c), 416.927(c).

The ALJ's assessments of Suttles's treaters were supported by substantial evidence. Dr. Kabeli's treatment and opinions were given significant weight, including Dr. Kabeli's observations that Suttles reported walking on a regular basis and did not describe significant shortness of breath with activity. The ALJ accorded little weight to Nurse Practitioner Haustrath's opinions because she was not an acceptable medical source and her opinions were inconsistent with Suttles's medical records. Dr. Liotta's opinion was not mentioned by the ALJ, but (as the district court ruled) any such error would be harmless because, until her appeal, Suttles did not allege an intellectual impairment affecting her ability to work. Dr. Liotta's report was not materially different from the evidence expressly considered by the ALJ and the vocational expert when they reached their conclusions.

**2.** Suttles claims she is per se disabled under Listing 3.02: chronic respiratory disorders. However, her symptoms are inconsistent with the severity of restrictions contemplated by Listing 3.02.

To establish chronic respiratory disorders under Listing 3.02, a claimant must show an $FEV_1$ equal to or less than 1.45 or an FVC equal to or less than 1.65 for an individual of Suttles's height (68 inches). 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 3.02. The regulations instruct that the highest values of the $FEV_1$ and FVC, whether from the same or different tracings, should be used to assess the severity of the respiratory impairment. Id. § 3.00E. Suttles concedes that her highest results (an $FEV_1$ of 1.93 and an FVC of 3.29) were above the level required to meet Listing 3.02, but she argues that her symptoms are medically equivalent to the severity of the listing criteria. Given that the criteria for Listing 3.02 consist entirely of numerical test values, which Suttles failed to achieve, and that the ALJ pointed to treatment notes showing that Suttles' condition improved during the relevant period, the ALJ's determination that Suttles did not meet or equal the listing is supported by substantial evidence.

3

**3.** Suttles argues that the ALJ erred in finding incredible portions of her testimony.   The ALJ has discretion, if supported by substantial evidence in the record, to evaluate the claimant's credibility and discount subjective complaints of pain.   See Aponte v. Sec'y, Dep't of Health & Human Servs., 728 F.2d 588, 591 (2d Cir. 1984); Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010).

Suttles's testimony regarding her symptoms was contradicted by the medical evidence.   The ALJ's conclusion was supported by substantial evidence: specific references to clinical findings, diagnostic tests, and treatment reports from Suttles's doctors.

**4.** Suttles argues that the ALJ failed to consider Suttles's various conditions in combination.   The ALJ found that Suttles has the following impairments: asthma, carpal tunnel syndrome, chronic obstructive pulmonary disease, gastroesophageal reflux disease, obesity, neuropathy, and Raynaud's syndrome. And the ALJ relied on multiple physicians who each assessed Suttles's limitations as a whole; the ALJ considered Suttles's impairments both separately and together.

**5.** Suttles argues that the ALJ erred in concluding that she could perform work available in the national economy.   However, the vocational expert's testimony in response to hypothetical questions is substantial evidence supporting the ALJ's determination.   See McIntyre v. Colvin, 758 F.3d 146, 151 (2d Cir. 2014).

We have considered Suttles's remaining arguments and find them to be without merit.   For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4