*Gough v. Saul*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty.

PRESENT: PETER W. HALL,
                    *Circuit Judge*,
         JED S. RAKOFF,
                    *District Judge.*[*]

---

Rachelle Gough,

         *Plaintiff–Appellant*,

         v.                                No. 19-170

Andrew Saul, Commissioner of Social Security Administration,

         *Defendant–Appellee.*

---

[*]Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation. Judge Robert D. Sack, originally a member of the panel, recused himself from consideration of this matter. The two remaining members of the panel are in agreement and have decided this case in accordance with Second Circuit Internal Operating Procedure E(b). *See* 28 U.S.C. § 46(d); *cf. United States v. Desimone*, 140 F.3d 457, 458 (2d Cir. 1998).

For Appellant:                            MARK A. SCHNEIDER, Law Office of Mark A. Schneider, Plattsburg, NY

For Appellee:                          KATHRYN POLLACK, Special Assistant United States Attorney (Ellen E. Sovern, Acting Regional Chief Counsel–Region II, Office of the General Counsel, Social Security Administration, *on the brief*), *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Hummel, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED AND REMANDED.**

Plaintiff–Appellant Rachelle Gough appeals from a judgment of the U.S. District Court for the Northern District of New York (Hummel, *M.J.*[1]) affirming the decision of the Commissioner of Social Security and dismissing Gough's complaint. Gough challenges the Commissioner's denial of disability benefits under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner's final determination was based on a finding by an Administrative Law Judge ("ALJ") that Gough was not disabled under the Social Security Act. The district court granted the Commissioner's motion for judgment on the pleadings and dismissed Gough's complaint. 2019 WL 162018 (N.D.N.Y. Jan. 9, 2019). Gough timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"In reviewing a district court's decision upholding a decision of the Commissioner, we review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (internal quotation marks omitted).

---

[1] Parties consented to direct review of this matter by a Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). We find that the ALJ erred by not giving adequate weight to the opinions of Gough's treating physicians and by discrediting Gough's testimony though it was consistent with her treatment records.

"[T]he opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported . . . and is not inconsistent with the other substantial evidence in the case record.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (alteration omitted) (quoting 20 C.F.R. § 404.1527(d)(2)). An ALJ who refuses to accord controlling weight to the medical opinion of a treating physician must consider various "factors" to determine how much weight to give to the opinion. *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). Relevant factors include (i) the nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; and (iv) whether the opinion is from a specialist. 20 C.F.R. § 404.1527(c).

Here, the ALJ concluded: "while the medical evidence show [sic] there are some limitations of function, they would not preclude all full time work." We are hard pressed to find support for this conclusion in the record. Gough was either not employed or working odd jobs during the period in question (January 1, 2014 through May 24, 2016). In fact, Gough has not worked full time since 2010. She left a part-time job in March 2014 when trouble with co-workers led to psychological distress and hospitalization. There is nothing in the record to suggest that the treating clinicians believed that Gough could work full time. When Gough suggested that she

3

would like to have more structure in her life, her treating therapist recommended "a loose structure for a daily schedule. Allow herself to be somewhat flexible so that she doesn't speak to herself negatively or harshly." Admin. ROA 345.

The ALJ concluded that treatment notes from August through December 2015 "generally do not suggest significant problems in the claimant's functioning." Sp. App'x 10. Again, this is not supported by the record. Those treatment notes show that when Gough is depressed, she often has trouble motivating herself to get out of bed, and she sometimes experiences suicidal thoughts. Dr. A. Evan Eyler outlined similar symptoms in his psychiatric evaluation of Gough in July 2015. At the hearing, Gough described her challenges with low energy and motivation. When asked to describe a typical day, Gough said she wakes up around noon, takes the dogs out, tries to write letters, tries to read, tries to crochet, and generally tries to keep busy. She said she does the chores "but it takes a lot of, a lot [sic] because I hardly even want to take care of my own [activities of daily living], so things kind of get piled up." Admin. ROA 50.

We fear that the ALJ cherry-picked evidence from the record to support his conclusion that Gough could work full time even though the record as a whole suggested greater dysfunction. "Cycles of improvement and debilitating symptoms of mental illness are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Estrella v. Berryhill*, 925 F.3d 90, 97 (2d Cir. 2019) (alteration omitted) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014)). The ALJ's reliance on moments when Gough put significant effort into her Etsy shops or accomplished household chores is misplaced

4

given that as a whole her records show great fluctuation in energy and motivation.[2]

The ALJ erred in not giving great weight to Gough's subjective evidence of her symptoms given that objective medical evidence supported her descriptions. *See Simmons v. U.S. R.R. Ret. Bd.,* 982 F.2d 49, 56 (2d Cir. 1992) ("It is well settled that a claimant's subjective evidence of pain is entitled to great weight where, as here, it is supported by objective medical evidence." (internal quotations and ellipsis omitted)). The fact that Gough's testimony conflicted with the ALJ's conclusion that she could work full time, when her testimony was consistent with her treatment records, is not a basis to discount her credibility.

In sum, the ALJ's finding that Gough could work full time is inconsistent with her treatment records and Gough's testimony. While we agree with the district court that "[i]t is the ALJ's sole responsibility to weigh all medical evidence and resolve material conflicts where sufficient evidence provides for such," Sp. App'x 23 (quoting *Bliss v. Colvin*, 3:13-cv-1086 (GLS/CFH), 2015 WL 457643 at *10 (N.D.N.Y. Feb. 3, 2015)), here the ALJ did not explain how the evidence conflicted, nor did the ALJ explain how he purported to resolve that conflict. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) ("[T]he crucial factors in any determination must be set forth with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence."). If the ALJ put greater weight on other evidence in the record, the ALJ was required to explain why he gave that evidence more weight than the records from treating clinicians. *See* § 404.1527(d)(2) ("[The Commissioner] will always give good reasons in

---

[2] The ALJ's characterization of the chores completed by Gough also misstates the record. *E.g.*, *compare* Sp. App'x. 8 ("At hearing [sic], the claimant reported that she is able to drive and that she grocery shops, suggesting an ability to interact with others.") *with* Admin. ROA 50. ("When we do grocery shop, I usually stay in the car because I'm too anxious to go inside.").

5

[his] notice of determination or decision for the weight [he] give[s] [claimant's] treating source's opinion.").

It is possible that the ALJ did not view the treatment records as conflicting with the evaluating opinions because the treatment records did not include an explicit finding that Gough could not work full time. Indeed, when a different ALJ viewed the same treatment records in combination with statements from treating clinicians, he concluded that Gough was disabled starting the day after the time period in this appeal. If the ALJ perceived there to be a gap in the record, he had a duty to fill that gap, especially where–as here–the claimant was appearing pro se. *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) ("[W]here there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history . . . .").

For the reasons stated above, we vacate the decision of the district court. We remand to the district court with instructions to remand the matter to the Commissioner for further proceedings consistent with this order, including directing the Commissioner to (1) explain whether, and if so, why, he gave greater weight to evaluating clinicians rather than to treating clinicians and, if warranted, request medical source statements from Gough's treating physicians; (2) allow Gough to supplement the record with any additional relevant medical records; (3) reassess Gough's credibility in light of any newly-obtained and relevant information; and (4) reassess Gough's residual functional capacity in light of the expanded record. The judgment of the district court is **VACATED** and this matter is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6