17-1919-cv
*Smith v. Comm'r of Soc. Sec. Admin.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of April, two thousand eighteen.

PRESENT:    RICHARD C. WESLEY,
            DENNY CHIN,
                    *Circuit Judges*,
            DENISE COTE,
                    *Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NANCY SMITH,

                    *Plaintiff-Appellant*,

            v.                                          17-1919-cv

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

                    *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:            Nancy Smith, *pro se*, Southington, Connecticut.

---

[*]      Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

FOR DEFENDANT-APPELLEE:     Elizabeth D. Rothstein, Special Assistant
United States Attorney, Stephen P. Conte,
Regional Chief Counsel – Region II, Office of
the General Counsel, Social Security
Administration, New York, New York, *for* John
H. Durham, United States Attorney for the
District of Connecticut, New Haven,
Connecticut.

Appeal from the United States District Court for the District of

Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

*Pro se* plaintiff-appellant Nancy Smith appeals the district court's March

31, 2017 judgment affirming a final determination by the Commissioner of Social

Security (the "Commissioner") denying her application for disability insurance benefits

and supplemental security income.  On appeal, Smith principally contends that (1) the

Administrative Law Judge (the "ALJ") erred by concluding that her substance abuse

was "a contributing factor material to the . . . determination that [she] is disabled," 42

U.S.C. § 423(d)(2)(C), and (2) the ALJ improperly failed to defer to the opinion of one of

her treating physicians.  We assume the parties' familiarity with the underlying facts,

procedural history, and issues on appeal.

In 2012, Smith, then represented by counsel, applied for disability

insurance benefits and social security income, alleging disability based on depression,

anxiety, bipolar disorder, and neck and back pain.  After her claims were denied

initially and upon reconsideration, Smith requested a hearing before an ALJ. On January 31, 2014, following a November 19, 2013 hearing at which Smith testified, the ALJ concluded that Smith's substance use disorder was a contributing factor material to the determination that she was disabled, because Smith would not be disabled if she stopped the substance abuse. Therefore, Smith was not considered disabled under the Social Security Act. On April 22, 2015, the Appeals Council denied Smith's request for review of the ALJ's decision, which then became the final decision of the Commissioner.

On June 8, 2015, Smith, proceeding *pro se*, filed suit seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). In a March 10, 2017 Report and Recommendation (the "R&R"), the magistrate judge (Martinez, *M.J.*) recommended affirming the Commissioner's decision. On March 31, 2017, the district court (Chatigny, *J.*) approved and adopted the R&R and entered judgment in favor of the Commissioner. Smith appealed.

"In reviewing a district court's decision upholding a decision of the Commissioner, we 'review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard.'" *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (quoting *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002)). "Substantial evidence is 'more than a mere scintilla' and 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greek v. Colvin*,

802 F.3d 370, 375 (2d Cir. 2015) (per curiam) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Under this highly deferential standard of review, "[i]f evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014).

First, substantial evidence supported the ALJ's determination that Smith was not disabled because her substance use was a contributing factor material to the determination that she was disabled.  An individual is not considered disabled "if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J).  Drug addiction is a material factor if the individual would not be found disabled if she stopped using drugs.  20 C.F.R. §§ 404.1535, 416.935. The claimant bears the burden of proving that her drug addiction is not a material factor.  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 123-25 (2d Cir. 2012).

Here, Smith did not demonstrate that her substance abuse was not a material factor, and substantial evidence supported the ALJ's determination that it was. Smith's medical records showed that her depression, anxiety, and bipolar disorder symptoms were well-managed through medications and that her functioning improved when she underwent substance abuse treatment.  Additionally, Smith herself reported to her doctors that her substance abuse made her psychiatric conditions worse and that she experienced improvements when sober.

Second, the ALJ did not err by affording Dr. Stack's opinion little weight. Under the treating physician rule, we generally afford controlling weight to the opinion of a claimant's treating physician as long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (alteration in original) (quoting 20 C.F.R. § 404.1527(c)(2)).[1] But an opinion need not be given controlling weight if it conflicts with "other substantial evidence in the record," *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam), because "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve," *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). An ALJ who declines to afford controlling weight to a treating physician's opinion must give "good reasons" for the decision and consider several factors in determining the appropriate weight, such as (1) the length, nature, and extent of the relationship between the claimant and the physician, (2) the supportability of the physician's opinion, (3) the consistency of the physician's opinion with the record as a whole, and (4) the specialization of the physician providing the opinion. 20 C.F.R. §§ 404.1527(c)(2)-(5); *see also Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000).

---

[1] The Social Security Administration revised its medical source regulations in 2017, but the new regulations apply only to claims filed on or after March 27, 2017. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844 (Jan. 18, 2017).

Here, the ALJ properly afforded little weight to the opinion of Smith's primary care physician, Dr. Stack, and set forth good reasons for doing so. First, although Dr. Stack opined that Smith had significant psychiatric and physical limitations, Dr. Stack's treatment records only reflect Smith's subjective complaints, and contain no objective evidence of physical or psychiatric abnormalities "to support the extent of limitation opined." Cert. Admin. R. 53. Second, before completing her assessment, Dr. Stack saw Smith only four times, which the ALJ considered "unlikely to provide an adequate basis for a thorough understanding" of Smith's conditions and limitations. *Id.* Finally, as the ALJ found, Dr. Stack's opinion was inconsistent with substantial evidence in the record.

We have considered Smith's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk