17-1651-cv
*Negron v. Berryhill*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand eighteen.

PRESENT:    GUIDO CALABRESI,
            DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LUZ CELENIA NEGRON,
                    *Plaintiff-Appellant*,

                    v.                                    17-1651-cv

NANCY A. BERRYHILL, ACTING COMMISSIONER
OF SOCIAL SECURITY,*
                    *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

*       Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Commissioner Nancy A. Berryhill is automatically substituted for former Commissioner Carolyn Colvin.

FOR PLAINTIFF-APPELLANT:        SARAH H. BOHR, Bohr & Harrington, LLC,
                                Atlantic Beach, Florida, and Sharmine Persaud,
                                Persaud & Zeltmann, Massapequa, New York.

FOR DEFENDANT-APPELLEE:          CANDACE SCOTT APPLETON, Assistant U.S.
                                Attorney (Varuni Nelson, Arthur Swerdloff,
                                Assistant United States Attorneys, *on the brief*),
                                *for* Richard P. Donoghue, United States
                                Attorney for the Eastern District of New York,
                                Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Spatt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Luz Celenia Negron appeals the district court's March 31, 2017 order and judgment upholding the decision of the Commissioner of Social Security (the "Commissioner") to deny Negron's application for disability benefits. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In 2012, Negron applied for social security disability and supplemental security income benefits, claiming that she had been unable to work since 2008 due to lower back pain. After her claims were denied on January 31, 2013, Negron requested a hearing before an ALJ. Following a November 26, 2013 hearing, on January 17, 2014, the ALJ (Weiss, *A.L.J.*) issued a decision concluding that Negron was not disabled because she had the residual functional capacity to perform "less than a full range of

light work," as defined in 20 C.F.R. § 404.1567(b) and 20 C.F.R. § 416.967(b), and was capable of performing her past relevant work as a cashier and an assembler. Tr. 15. On April 16, 2015, the Appeals Council denied Negron's request for review of the ALJ's decision, which then became the final decision of the Commissioner.

On May 1, 2015, Negron filed suit seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). The district court (Spatt, *J.*) upheld the Commissioner's decision on March 31, 2017, and this appeal followed.

"In reviewing a district court's decision upholding a decision of the Commissioner, we 'review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard.'" *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (quoting *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002)). "Substantial evidence is 'more than a mere scintilla' and 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (per curiam) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Under this highly deferential standard of review, "[i]f evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). Upon such review, we conclude that the ALJ's determination that Negron was not disabled was supported by substantial evidence.

Although the ALJ did not explicitly discuss the treating physician rule, "the substance of the treating physician rule was not traversed." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam). We generally afford controlling weight to the opinion of a claimant's treating physician, but an opinion need not be given controlling weight if it conflicts with "other substantial evidence in the record" because "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). Here, Dr. Parker's medical source statement was "inconsistent with [his] office visit notes" and "the assessed limitations [were] disproportionate to the clinical findings." Tr. 19. In addition to those discrepancies, substantial evidence in the record as a whole contradicted Dr. Parker's opinion. Hence, the ALJ was permitted to give Dr. Parker's opinion "little weight." *Id.*

We also conclude that the ALJ's determination that Negron has the residual functional capacity to perform past relevant work was supported by substantial evidence. Although an ALJ "is not free to set his own expertise against that of a physician," *Burgess v. Astrue*, 537 F.3d 117, 131 (2d Cir. 2008) (quoting *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998)), the "ultimate determination of whether a person has a disability within the meaning of the Act belongs to the Commissioner," *Greek*, 802 F.3d at 374. Absent Dr. Parker's medical source statement, which the ALJ could properly discount in this case, there was no medical reason to conclude that Negron could not perform past relevant work.

The ALJ's credibility determination was also supported by substantial evidence. An ALJ is required to consider a claimant's reports about her symptoms and limitations, 20 C.F.R. § 416.929(a), but "is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record," *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). Here, Negron's reports of when her symptoms commenced and their severity were not consistent.

Given the degenerative nature of Negron's back condition, the situation might well be different were we considering later dates. But that is not before us, and Negron remains free to apply for disability benefits anew if her condition warrants it.

We have considered Negron's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk