*Harrington v. Saul*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of October, two thousand twenty.

PRESENT:

> JOHN M. WALKER, JR.,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

CORINNA HARRINGTON,

> *Plaintiff-Appellant,*

> v.                                                                    No. 20-559

ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,

> *Defendant-Appellee.*

_____

FOR APPELLANT:                          MARK A. SCHNEIDER, Law Office of
                                        Mark A. Schneider, Plattsburgh, NY.

FOR APPELLEE:                           NAHID SOROOSHYARI, United States
                                        Social Security Administration, New York,
                                        NY; Ellen E. Sovern, Regional Chief
                                        Counsel - Region II, Office of the General

Counsel, Social Security Administration, New York, NY.

Steven David Clymer, Assistant United States Attorney, *for* Grant C. Jaquith, U.S. Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Dancks, *M.J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on February 10, 2020, is **AFFIRMED**.

Plaintiff-Appellant Corinna Harrington seeks review of a final determination by the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income. She appeals the judgment of the United States District Court for the Northern District of New York (Dancks, *M.J.*) granting the Commissioner's motion for judgment on the pleadings. On appeal, Harrington argues primarily that (1) the ALJ erred by not giving the opinions of her treating physician, Dr. Herbert Savel, M.D., great weight; (2) the ALJ incorrectly determined that Harrington is not disabled, notwithstanding the combined effect of (among other conditions) her spinal impairment, deep vein thrombosis, and obesity; and (3) the ALJ erred by not giving Harrington's own testimony greater weight. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

We review de novo a district court's grant of judgment on the pleadings. *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). When the judgment upholds a benefits determination made by the Commissioner, we conduct a de novo review of the administrative record "to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."

2

*Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010).[1] This standard means that "once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise.*" *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis in original).

Upon such review, we conclude that substantial evidence supports the ALJ's determination that Harrington retained the residual functional capacity to do a range of unskilled, light work during the relevant period. Harrington sought supplemental security income in the period beginning on November 2, 2015, when she applied for benefits and claimed disability since 2011 arising from her depression, stenosis, herniated disc, arthritis in her hand and knee, hip problems, and nerve damage in her left leg. The ALJ determined that Harrington's severe impairments were lumbar degenerative disc disease and affective disorder. The ALJ also determined from the record before him that Harrington had the residual functional capacity ("RFC") to perform unskilled light work despite her impairments, and, in particular, that she could continue to perform her past work as a housekeeper. We therefore affirm the ALJ's decision for substantially the same reasons as stated by the district court in its February 10, 2020 Opinion and Order. Several points, however, warrant brief discussion.

On appeal, Harrington argues that the ALJ gave insufficient weight to the opinion of her primary care physician, Dr. Herbert Savel, M.D., and too much weight to the opinion of the agency consultant, Dr. Albert Paolano, M.D., in rejecting her claim. Although the opinion of the treating physician is ordinarily entitled to great weight, the weight to be accorded may be reduced if the opinion is not well supported or is contradicted by other evidence in the record. 20 C.F.R. § 416.927(c)(2), (c)(4). Here, the ALJ determined that Dr. Savel's treatment records did not support his assessment of Harrington's limitations. Inconsistent with his assessment, Dr. Savel recommended that Harrington receive only a conservative course of treatment for her back pain, and did not order additional imaging of

---

[1] In quotations drawn from case law, this Order omits all alterations, citations, emphases, footnotes, and internal quotation marks unless otherwise indicated.

her lumbar spine or refer her to a specialist for evaluation during her course of treatment. In addition, Dr. Savel's opinions were contradicted by those of the consultative examiner, Dr. Paolano, who found that Harrington did not have any significant limitations. For these reasons, we agree with the district court that the ALJ's decision to give significant weight to Dr. Paolano's views and little weight to those of Dr. Savel was supported by the record. *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (holding that "the opinion of the treating physician is not afforded controlling weight where . . . the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts"). The ALJ explicitly considered the relevant factors in evaluating what weight to give the opinion of Dr. Savel and in rejecting the proposition that it receive great weight. *See* S.A. 11-12; *see also Greek*, 802 F.3d at 375 (listing the factors the ALJ must consider in reaching such a determination). The ALJ's decision in this regard is well supported by the record.

Harrington also maintains the ALJ should have found her obesity to be a severe impairment and erred by failing to consider the effects on her of her obesity in connection with her other impairments. While Harrington's height and weight were noted by Drs. Savel and Paolano, and her body mass index was calculated by Dr. Savel, neither doctor expressly diagnosed obesity or described any impact of Harrington's obesity on her functioning. Nor did they express a medical opinion about her obesity on which the ALJ could base his determination. In her 2015 application, Harrington did not allege obesity as a factor affecting her functioning and at her hearing before the ALJ she did not testify that her obesity affected her functioning. *See Mongeur v. Heckler*, 722 F.2d 1033, 1037 (2d Cir. 1983) ("It is well established that the burden of proving disability is on the claimant."). Thus, the ALJ did not err by failing to discuss Harrington's obesity in his decision. His failure to mention it does not undercut the conclusion that his overall determination of her severe impairments and her RFC was supported by substantial record evidence. *See White v. Berryhill*, 753 F. App'x 80, 81 (2d Cir. 2019); *see also Brault,* 683 F.3d at 448 (holding that, "[a]lthough required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted").

4

One procedural concern calls for our attention. On June 6, 2020, Harrington moved to expand the record on appeal to include a report by Dr. Savel dated January 30, 2018. This document was therefore unavailable before the ALJ issued his decision on January 3, 2018. Harrington says she was unable to present this document to the Appeals Council before its October 18, 2018 denial of her request for review because she did not receive a copy of it until December 2018. She offers no justification, however, for her failure even to mention this document to the district court when it conducted its de novo review in 2019, or to this Court until filing her brief on appeal in 2020. *See Lisa v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 40, 45-46 (2d Cir. 1991) (appellant must "adequately explain her failure to incorporate the proffered evidence into the administrative record"). We therefore decline to consider it. *Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418 (2d Cir. 2001) ("The courts of appeals generally do not consider arguments raised for the first time in reply briefs . . . .").

\* \* \*

We have considered Harrington's remaining arguments and conclude that they are without merit. Accordingly, Harrington's motion to expand the record is **DENIED** and the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court